United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AVX NETWORKS,
Plaintiff,

v.

CALIFORNIA PUBLIC UTILITIES COMMISSION, et al.,
Defendants.

Case No. 26-cv-07172-WHO

**ORDER ON DISCOVERY DISPUTE**

Re: Dkt. No. 51

The parties raise a dispute over whether discovery should be stayed pending resolution of defendants' pending motions to dismiss, set for hearing on December 2, 2026. *See* Dkt. No. 51. Defendants argue that a stay is appropriate because the "pending motions to dismiss are potentially dispositive of the entire case," and that "no discovery is required because the pending motions to dismiss only make facial challenges to the [complaint]." *Id.* at 1–3.

In response, plaintiffs argue that a complete stay would deprive them of information concerning the "challenged decisions, funding, and Defendants' respective roles" in this dispute. *Id.* at 3. Plaintiffs believe that defendants have not shown that "every claim, every defendant, and every requested category [in the complaint] will necessarily be eliminated" by the motion to dismiss. *Id.* at 4. They point out that at least one defendant, Maria Ellis ("Ellis"), is sued in both her individual and official capacities, but defendants only raise sovereign immunity challenges in their motion to dismiss, which is not applicable to an individual officer sued in their personal capacity. *Id.* Plaintiffs finally assert that defendants misread my order continuing the parties' initial case management conference as evidence of my intention to bar discovery pending the motion to dismiss hearing. *Id.* at 4–5. They accordingly request that discovery proceed at a minimum against Ellis in her individual capacity. *Id.* at 5.

"The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Reveal Chat Holdco, LLC v. Facebook, Inc.*, No. 20-cv-00363-BLF, 2020 WL 2843369, at *1 (N.D. Cal. Apr. 10, 2020) (Freeman, J.). Nonetheless, district courts have "wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "A party seeking a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990). "This often occurs where the party seeking a stay raises jurisdictional or immunity issues." *Calvary Chapel San Jose v. Cody*, No. 20-cv-03794-BLF, 2021 WL 5353883, at *1 (N.D. Cal. Nov. 12, 2021) (Freeman, J.).

"Courts in this district have applied a two-part test to determine whether to stay discovery pending the resolution of a dispositive motion." *Realtek Semiconductor Corp. v. MediaTek, Inc.*, 732 F. Supp. 3d 1101, 1117 (N.D. Cal. 2024) (Pitts, J.) (collecting cases). "First, a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed. Second, the court must determine whether the pending motion can be decided absent additional discovery. If the Court answers these two questions in the affirmative, a protective order may issue. However, if either prong of this test is not established, discovery proceeds. In applying this two-factor test, the court must take a preliminary peek at the merits of the pending motion to assess whether a stay is warranted." *Reveal Chat Holdco*, 2020 WL 2843369, at *2 (cleaned up).

Defendants' pending motions to dismiss raise numerous "potentially dispositive" issues, including of ripeness and exhaustion, lack of federal question jurisdiction, sovereign immunity under the Eleventh Amendment, lack of standing, and failure to state a claim under 42 U.S.C. § 1983. *See* Dkt. Nos. 32, 49; *Reveal Chat Holdco*, 2020 WL 2843369, at *2. I stated in denying plaintiffs' motion for a temporary restraining order that defendants raised "serious doubts about my jurisdiction over this dispute." *See* Dkt. No. 41 at 2. So too with exhaustion. *Id.* While plaintiffs maintain that Ellis, by virtue of being sued in her individual capacity, is not implicated by defendants' motions to dismiss, defendants challenged each claim on exhaustion grounds, which would implicate Ellis as well. *See* Dkt. No. 32 at 7–10. Moreover, defendants expressly

challenged the Fifth Cause of Action—asserting violations of Section 1983 against Ellis in her individual capacity—as inadequately pleaded, arguing that the complaint does not show any plausible procedural due process violations. *Id.* at 17–19. These facts, taken together, show the first factor is met. It is also unclear to me how the case against Ellis could proceed if all the other defendants (and Ellis in her official capacity) are dismissed.

The motions to dismiss may be decided absent additional discovery. *See Reveal Chat Holdco*, 2020 WL 2843369, at *2. As defendants note, each motion presents facial challenges to the complaint. Dkt. No. 51 at 1–2.

Only because I have previewed at least some of the issues to be raised in the motions to dismiss and the motions appear likely to be dispositive, in large part if not in whole, a stay of discovery is warranted. Accordingly, discovery in this matter is STAYED pending the resolution of the defendants' pending motions to dismiss.

**IT IS SO ORDERED.**

Dated: October 14, 2026

William H. Orrick
United States District Judge

United States District Court
Northern District of California